Opinion issued September 30, 2010



In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00067-CV

———————————

Pablo Turull and
Ruth Turull, Appellants

V.

William E. Ferguson, Individually and d/b/a
Timberoof Company and Timberoof Roof Company and Timberoof Roof Company, Inc.,
and Timberoof Roofing Company, Inc., Timberoof Roofing Co., Inc. and TRC
Services, Inc., Individually and d/b/a The Roof Co. Holdings, Appellees



 



 

On
Appeal from the 129th District Court

Harris
County, Texas



Trial Court Case No. 2003-22884

 



 

SUPPLEMENTAL
MEMORANDUM OPINION ON MOTION FOR REHEARING

Appellees, William E. Ferguson—individually
and doing business as Timberoof Company, Timberoof Roof Company, Inc., and
Timberoof Roofing Company, Inc.—and Timberoof Roofing Co., Inc. (the “Timberoof
Defendants”), filed a motion for rehearing arguing that (1) contrary to this
Court’s opinion, they had filed a supplemental record request and (2) they were
not the appellants and, therefore, waiver should not be applied against them
regarding the portion of the charge concerning attorney’s fees.

We deny Appellees’ motion for rehearing.

                                                                                                                            
Supplementation of the record

The Timberoof Defendants ask this Court to modify the
portion of the opinion that states that the parties to this appeal did not
properly request supplementation of the record to include documents that they
relied on in their briefs on the merits. 
The Timberoof Defendants attach to their motion for rehearing a
certified copy of the supplementation letter they filed with the district
clerk’s office asking the district clerk to prepare a supplemental clerk’s
record with the items they relied on in their brief on the merits.  Filing the letter did not satisfy the
Timberoof Defendants’ responsibilities to have the supplemental record prepared
and filed with this Court.

The trial court clerk is responsible for preparing,
certifying, and timely filing the clerk’s record if (1) a notice of appeal has
been filed and (2) the party responsible for paying for the preparation of the
record has paid the clerk’s fee, has made satisfactory arrangements to pay the
fee, or is entitled to appeal without paying the fee.  Tex.
R. App. P. 35.3(a).  There is no
exception to the application of this rule for supplemental record requests.  According to this rule, the clerk’s
responsibility to prepare, certify, and file a record with an appellate court
is not triggered until after the fee has been paid, satisfactory arrangements
have been made to pay the fee, or it has been established that the fee does not
have to be paid.  Id.  

The Timberoof Defendants have not established indigence,
nor have they provided this Court with any proof that it paid the fee for
preparation of the clerk’s record or made satisfactory arrangements to pay the
fee.  Without that proof, we cannot
conclude that the district clerk was required to prepare the supplemental
record that was requested.

                                                                                                                                                         
Waiver of Error

In our opinion, we held, “Because the Timberoof Defendants
did not object to the Turulls’ counsel’s testimony regarding segregation of
fees and because there was no objection to the wording of the charge that did
not ask the jury to segregate attorney’s fees, any error regarding segregation
has been waived.”  The Timberoof
Defendants argue that, as appellees, they “had no burden to preserve error on a
no evidence complaint by making a charge objection.”  They argue that they are not complaining of
charge error.  “In fact, [we are] not
alleging error at all.”  They argue that
they only presented a no-evidence argument, “which can be raised for the first
time in a post-trial motion for JNOV.”

In a jury trial, a legal-sufficiency complaint is not
separable from the charge.  “The
sufficiency of the evidence must be measured by the jury charge when, as here,
there has been no objection to it.”  Romero v. KPH Consolidation, Inc., 166
S.W.3d 212, 221 (Tex. 2005).  This is
true even if the charge’s statement of the law is not correct.  Wal-Mart
Stores, Inc. v. Sturges, 52 S.W.3d 711, 715 (Tex. 2001).  

As we noted in our opinion, the jury question relating to
the attorney’s fees to be awarded to the Turulls read, “What is a reasonable
fee for the necessary services of the Turulls’ attorney in this case, stated in
dollars and cents?”  No objection was
raised as to the wording of this question. 
Because there was no objection to the charge’s failure to have the jury
segregate the Turulls’ attorney’s fees, any error in the charge was
waived.  Green Int’l, Inc. v. Solis, 951 S.W.2d 384, 389 (Tex. 1997).  Accordingly, the trial court erred by finding
the evidence of attorney’s fees legally insufficient on a ground that was
different from what was presented to and decided by the jury.

                                                                                                                                                                   
Conclusion

We deny Appellees’ motion for rehearing.

 

                                                                   Laura
C. Higley

                                                                   Justice


 

Panel consists of Justices Keyes and Higley.[1]

 











[1]        Justice Hanks was a member of the original panel but has
resigned in the interim.  This case has
been decided by the two remaining justices. 
Tex. R. App. P. 41.1(b).